STATE OF NORTH CAROLINA EX REL. COMMISSIONER OF INSURANCE AND THE NORTH CAROLINA AUTOMOBILE RATE ADMINISTRATIVE OFFICE v. STATE OF NORTH CAROLINA EX REL. ATTORNEY GENERAL

No. 7310INS304

(Filed 11 April 1973)

Insurance § 79.1— automobile liability rates — sufficiency of evidence and findings

There was substantial evidence to support the findings of fact made by the Commissioner of Insurance on remand of this automobile

liability insurance rate case which was begun on 1 July 1971, the findings support the Commissioner's order increasing private passenger automobile liablity rates by 8.9%, and substantial justice has been afforded to the companies and the consuming public notwithstanding more current information may have been available to the Commissioner than that which he used in making his findings.

APPEAL by Attorney General, intervenor, from decision and order of Commissioner of Insurance entered 4 December 1972.

This cause was before the Court of Appeals at the 1972 Fall Session. See opinion filed 25 October 1972 and reported in 16 N.C. App. 279, 192 S.E. 2d 138.

On 26 May 1972 the Commissioner of Insurance (Commissioner) entered an order directing that private passenger automobile liability insurance rates be increased by 8.9%, reduced by reason of federal price control regulations to 7.4%. This action by the Commissioner was pursuant to a 1 July 1971 filing made by the North Carolina Automobile Rate Administrative Office (Rate Office) as required by G.S. 58-248. Additional facts regarding the proceedings are set forth in the former opinion cited above.

The Attorney General appealed from the 26 May 1972 order of the Commissioner. This court vacated the order and remanded the cause to the Commissioner with the following directions:

"On remand the Commissioner will make specific findings of fact, upon substantial evidence based on underwriting experience in North Carolina, as to (1) the earned premiums to be anticipated by the company (i.e., all companies operating in North Carolina considered as one) during the life of policies to be issued in the near future, (2) the reasonably anticipated loss experience during the life of said policies, (3) the reasonably anticipated operating expenses in said period, and (4) the percent of earned premiums which will constitute a fair and reasonable profit in that period."

On 28 November 1972, pursuant to proper notice, the Commissioner convened a "remand" hearing. Mr. Mize, general manager of the Rate Office, testified and presented certain exhibits prepared by him and other pertinent data. Mr. Holcombe, a member of the Commissioner's staff, also testified and presented pertinent information developed by him. Mr. Mize and Mr. Hol-

combe each gave his opinion with respect to the additional information required by the Court of Appeals opinion. Other documentary evidence was introduced.

The Attorney General filed two motions in which he asked that the Commissioner deny any rate increase and that the Rate Office be required to furnish more recent and more detailed information than it had furnished. The motions were overruled.

On 4 December 1972 the Commissioner entered a "Supplementary Decision and Order" which, among other things, contains the following findings of fact:

(1) That the earned premiums to be anticipated by all companies operating in North Carolina considered as one company in the near future, i.e., for the calendar year 1973, from writing private passenger automobile liability insurance using the proposed rates in the amount approved by the Commissioner in his May 26, 1972, decision is $171,-659,442.

(2) That the reasonably anticipated loss experience during the life of said policies for calendar year 1973 will be $120,721,394.

(3) That the reasonably anticipated operating expenses in said period will be $45,968,155.

(4) That the percent of earned premiums which will constitute a fair and reasonable underwriting profit for all of the insurance companies engaging in writing private passenger automobile liability insurance in that period in this State is five percent (5%), reduced to three percent (3%) by consideration of earnings of all companies writing automobile liability insurance in this State from the investment of unearned premium reserves in the amount of one percent (1%) and by consideration of investment income from loss reserves on policies written in North Carolina in the amount of one percent (1%), and further reduced to 2.9% by Federal Price Commission limitations on insurance rate increases.

(5) That the underwriting profit which can be reasonably anticipated for all companies writing private passenger automobile liability insurance in North Carolina using the proposed increased rate level approved by the Commissioner in his May 26, 1972, Decision and Order and herein

reaffirmed is approximately $4,969,893 on an anticipated volume of earned premiums of approximately $171.7 million, which produces a 2.9% of earned premiums underwriting profit before federal income taxes. That said 2.9% of earned premiums provides for a fair and reasonable underwriting profit within the meaning of G.S. 58-248 and constitutes a fair and reasonable profit for all companies writing automobile liability insurance in this State in the 1973 calendar year period.

The "Supplementary Decision and Order" provided "that the private passenger automobile liability insurance rates for use in North Carolina in the future be increased by 8.9% to be effective on the earliest practicable date that the rate increase can be placed into effect by the Rate Office, subject, however, to any necessary modifications in order to comply with any existing or further applicable federal price control regulations, which regulations in effect at this time would result in an overall 7.4% rate level increase or an increase in basic limits private passenger automobile liability insurance rates for Class 1A of $5."

The Attorney General appealed.

*Allen, Steed & Pullen by Arch T. Allen for plaintiff appellee.*

*Attorney General Robert Morgan by Benjamin H. Baxter, Jr., Associate Attorney, and Charles A. Lloyd, Assistant Attorney General, for appellant intervenor.*

BRITT, Judge.

Inasmuch as fire and automobile liability insurance rate making procedures in this State have been fully discussed in the recent cases of *In re Filing by Automobile Rate Office,* 278 N.C. 302, 180 S.E. 2d 155 (1971), and *In re Filing by Fire Insurance Rating Bureau,* 275 N.C. 15, 165 S.E. 2d 207 (1969), and to a limited degree in our former opinion in this case, we deem it unnecessary to "plow that ground" again.

In the Rating Bureau case (at page 35), an appeal from this court, we find:

"As the Court of Appeals stated, the Commissioner of Insurance 'is a specialist in the field' and has been given

by the Legislature the authority and the duty to set rates which will, in the future, produce a fair and reasonable profit and no more. His projection of past experience and present conditions into the future is presumed to be correct and proper if supported by substantial evidence, G.S. 58-9.3, and if he has taken into account all of the relevant facts which he is directed by the statute to consider. G.S. 58-131.2."

It is clear that in the order appealed from the Commissioner made the specific findings of fact called for in our former decision. It is also clear that his findings are supported by substantial evidence. But the Attorney General contends that the Commissioner had available to him on 28 November 1972 data, statistics and information that were more recent than that which he used in making his findings and arriving at his decision.

Conceding, *arguendo*, that information which was more current might have been available to the Commissioner, we think the record supports a conclusion that substantial justice has been done to all parties concerned—affected insurance companies and the consuming public. Applicable statutes appear to provide for at least annual review of rates charged for automobile liability insurance in North Carolina and we are dealing here with a review which began on 1 July 1971. We can reasonably assume that a review of filing made on 1 July 1972 is now in progress and in a matter of a few weeks the 1 July 1973 filing will be due.

Furthermore, G.S. 58-248.1 provides in pertinent part as follows:

"Whenever the Commissioner, upon his own motion or upon petition of any aggrieved party, shall determine, after notice and a hearing, that the rates charged or filed on any class of risks are excessive, inadequate, unreasonably, unfairly discriminatory, or otherwise not in the public interest, or that a classification or classification assignment is unwarranted, unreasonable, improper or unfairly discriminatory he shall issue an order to the bureau directing that such rates, classifications, or classification assignments be altered or revised in the manner and to the extent stated in such order to produce rates, classifications or classification assignments which are reasonable, adequate, not unfairly discriminatory, and in the public interest."

---

For the reasons stated, the order appealed from is

Affirmed.

Judges CAMPBELL and HEDRICK concur.