STATE OF NORTH CAROLINA, EX REL. COMMISSIONER OF IN-
SURANCE v. NORTH CAROLINA AUTOMOBILE RATE ADMIN-
ISTRATIVE OFFICE, NATIONWIDE MUTUAL INSURANCE
COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, ALLSTATE INSURANCE COMPANY, THE AETNA
CASUALTY & SURETY COMPANY, NORTH CAROLINA FARM
BUREAU MUTUAL INSURANCE COMPANY, GREAT AMERI-
CAN INSURANCE COMPANY, LUMBERMENS MUTUAL CAS-
UALTY COMPANY, UNITED STATES FIDELITY & GUARANTY
COMPANY, IOWA NATIONAL MUTUAL INSURANCE COM-
PANY, UNIGARD MUTUAL INSURANCE COMPANY, UNITED
STATES FIRE INSURANCE COMPANY, ST. PAUL FIRE &
MARINE INSURANCE COMPANY, SHELBY MUTUAL INSUR-
ANCE COMPANY, LIBERTY MUTUAL MARYLAND CASUALTY
COMPANY, OHIO CASUALTY INSURANCE COMPANY, AMERI-
CAN MUTUAL LIABILITY INSURANCE COMPANY

No. 7410INS619

(Filed 6 November 1974)

**Insurance § 79.1— automobile liability rates — order to disregard age
and sex — authority of Insurance Commissioner**

> The Commissioner of Insurance had no authority to order the
> establishment of a premium rate classification plan for private pas-
> senger automobile liability insurance not based in whole or in part on
> the age and sex of the drivers since the Commissioner is directed by
> G.S. 58-248.9 to establish a "260 Plan" rate classification or a modifi-
> cation of that plan, and the age and sex of insured drivers are essen-
> tial classification criteria for such a plan.

APPEAL by the North Carolina Automobile Rate Admin-
istrative Office and member companies of that office from an
order of the Commissioner of Insurance filed 21 March 1974.
Heard in the Court of Appeals on 25 September 1974.

On 20 November 1973 the Commissioner of Insurance
(Commissioner), upon his own motion and upon the petition
of Albert Lynn Daniel, issued a notice of public hearing for the
purpose of considering "whether classifications for private pas-
senger automobile liability insurance based on the male sex and
age of operators or owners of the automobiles insured are un-
reasonable, unfairly discriminatory, unwarranted, or im-
proper. . . . "

A protest and motion for intervention was filed by the
North Carolina Automobile Rate Administrative Office (Rate
Office) on 10 December 1973 and by Nationwide Mutual In-
surance Company on 11 December 1973. The hearing was com-

menced on 12 December 1973 and continued on 13 December 1973, 10 and 23 January 1974, and 6, 7, and 22 February 1974.

On 21 March 1974 the Commissioner filed his Decision and Order in this proceeding. After making findings of fact, the Commissioner ordered that "[e]ffective May 1, 1974, no premium rate for private passenger automobile liability insurance sold in this State shall be based in whole or in part on the age and sex of a person insured thereunder." He further directed the Rate Office to file a revised classification system with his office on or before 15 April 1974, which was not to be based on the age and sex of insured drivers.

The Rate Office and member insurance companies, pursuant to G.S. 58-9.4 and G.S. 58-9.5, appealed.

*Attorney General James H. Carson, Jr., by Charles A. Lloyd, Assistant Attorney General and Isham B. Hudson, Jr., Staff Attorney for the North Carolina Insurance Department, for the Commissioner of Insurance.*

*Allen, Steed & Pullen by Arch T. Allen, Thomas W. Steed, Jr., and Lucius W. Pullen; Broughton, Broughton, McConnell & Boxley by John D. McConnell, Jr.; Sanford, Cannon, Adams & McCullough by T. Allen Adams; Young, Moore & Henderson by Charles M. Young, attorneys for defendant appellants.*

HEDRICK, Judge.

Our primary concern on this appeal is whether the Commissioner of Insurance has the statutory authority to establish premium rate classifications for the private passenger automobile liability insurance sold in this state without using age and sex as criteria in establishing such classifications.

The only authority the Commissioner has to establish rate classifications is that power which is delegated to him by the Legislature. *Comr. of Insurance v. Automobile Rate Office,* 19 N.C. App. 548, 199 S.E. 2d 479 (1973), cert. denied, 284 N.C. 424, 200 S.E. 2d 663 (1973) ; Article 25, Chapter 58 of the General Statutes. Of particular importance on this appeal is G.S. 58-248.1, which in pertinent part provides:

> "Whenever the Commissioner, upon his own motion or upon petition of any aggrieved party, shall determine, after notice and a hearing, that the rates charged or filed

on any class of risks are excessive, inadequate, unreasonable, unfairly discriminatory, or otherwise not in the public interest, or that a classification or classification assignment is unwarranted, unreasonable, improper or unfairly discriminatory he shall issue an order to the bureau directing that such rates, classifications or classification assignments be altered or revised in the manner and to the extent stated in such order to produce rates, classifications or classification assignments which are reasonable, adequate, not unfairly discriminatory, and in the public interest."

Also of importance is G.S. 58-248.9, which provides as follows:

"The Commissioner of Insurance is directed to establish, or cause to be established, following public hearing, such private passenger vehicle rate classifications, schedules, rules and regulations as may be deemed desirable and equitable to classify drivers of such vehicles for insurance purposes and may likewise, from time to time, withdraw, modify or amend any such classifications, schedules, rules or regulations. The Commissioner is further directed to establish a *260 Plan rate classification or an appropriate modification of that plan, in his discretion.*" [Emphasis added.]

In G.S. 58-248.9 the General Assembly clearly directed the Commissioner to establish or cause to be established a "260" premium rate classification plan or a modification thereof. The discretion given to the Commissioner is applicable only to the type of modification of a "260 Plan." "When the language of a statute is plain and free from ambiguity, expressing a single, definite and sensible meaning, that meaning is conclusively presumed to be the meaning which the Legislature intended, and the statute must be interpreted accordingly." *Davis v. Granite Corporation,* 259 N.C. 672, 675, 131 S.E. 2d 335, 337 (1963). (citations omitted).

The meaning of the term "260 Plan" seems to have been well settled when the General Assembly enacted G.S. 58-248.9 in 1971. It is a premium rate classification plan that has been in existence since 1965 and is well known throughout the automobile insurance industry. The parties are not in dispute as to its meaning. As we can find no legislative intent to the contrary, we will give the term "260 Plan" its established meaning. 7 Strong, N. C. Index 2d, Statutes, § 5; 82 C.J.S., Statutes, § 316(b).

The "260 Plan," as its name implies, divides insured drivers into 260 premium rate classes. The drivers are grouped by means of such criteria as age, sex, marital status, and use of the automobile. In our opinion the age and sex of insured drivers are essential classification criteria of the "260 Plan," and this is conceded by the Commissioner. The Commissioner also concedes that the revised classification plan he ordered the Rate Office to prepare is not consistent with the "260 Plan" and is not a modification of it. He contends, however, that G.S. 58-248.1 gives him the authority to abolish premium rate classifications based on age and sex and to order the Rate Office to issue revised classifications not based on these criteria if the new classifications are "reasonable, adequate, not unfairly discriminatory, and in the public interest." In view of G.S. 58-248.9 we do not feel the Commissioner has such broad authority to revise premium rate classifications in North Carolina. Furthermore, such an interpretation would raise the serious question of whether the General Assembly improperly delegated its legislative authority to the Commissioner. See *Comr. of Insurance v. Automobile Rate Office, supra.* Consequently, by ordering the establishment of a premium rate classification plan not based in whole or in part on the age and sex of drivers, the Commissioner has exceeded the authority delegated to him by the Legislature. The order appealed from is

Reversed.

Judges MORRIS and BALEY concur.